**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Alex and Ani, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-0358360** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**Principal place of business**

**10 Briggs Drive**
Number          Street

**East Greenwich, RI  02818**
City                          State      Zip Code

**Kent County, RI**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                          State      Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                          State      Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://alexandani.com/** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor      Alex and Ani, LLC                                           Case number *(if known)*  _____
            Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . **4483 – Jewelry, Luggage, and Leather Goods Stores** |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11.  *Check all that apply:* |
| |     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that). |
| |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |     ☒ A plan is being filed with this petition. |
| |     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| |     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | | |
|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**  If more than 2 cases, attach a separate list. | ☒ No ☐ Yes. | District _____ When _____ MM/DD/YYYY  Case number _____ |
| | | District _____ When _____ MM/DD/YYYY  Case number _____ |

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**  List all cases. If more than 1, attach a separate list. | ☐ No ☒ Yes. | Debtor **See Rider 1**  Relationship **Affiliate**  District **District of Delaware**  When **06/09/2021** MM / DD / YYYY  Case number, if known _____ |

Debtor      Alex and Ani, LLC                                           Case number *(if known)*
            Name

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

|                           |       |          |
|---------------------------|-------|----------|
| Number        Street      |       |          |
| City                      | State | Zip Code |

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|--------|---------------|-----------------|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|--------------|--------------------------|---------------------------|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Alex and Ani, LLC | Case number *(if known)* | |
|--------|-------------------|--------------------------|--|
| | Name | | |

**16. Estimated liabilities**
**(on a consolidated basis)**

| | | | | | |
|--|--|--|--|--|--|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     06/09/2021
                  MM/ DD / YYYY

✗     /s/ Robert Trabucco                                Robert Trabucco
      Signature of authorized representative of debtor   Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

✗     /s/ Domenic E. Pacitti        Date   06/09/2021
      Signature of attorney for debtor          MM/ DD/YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 North Market Street, Suite 1000**
Number                    Street

**Wilmington**                              **DE**        **19801-3062**
City                                         State       ZIP Code

**302-426-1189**                            **dpacitti@klehr.com**
Contact phone                               Email address

**3989**                          **DE**
Bar number                        State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known):* _____     Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.

1.  Alex and Ani, LLC

2.  A and A Shareholding Co., LLC

3.  Alex and Ani International, LLC

4.  Alex and Ani Retail, LLC

5.  Alex and Ani Assembly, LLC

6.  Alex and Ani California, LLC

7.  Alex and Ani Canada, LLC

8.  Alex and Ani Puerto Rico, LLC

9.  Alex and Ani South Seas, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ALEX AND ANI, LLC, *et al.*,[1] | ) | Case No. 21-1_____ (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS OF**
**ALEX AND ANI, LLC[2]**

| Debtor | Equity Holders | Percentage of Equity Held |
|---|---|---|
| Alex and Ani, LLC | A and A Shareholding Co, LLC | 100% |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Alex and Ani, LLC (8360); A and A Shareholding, Co., LLC (7939); Alex and Ani International, LLC (2247); Alex and Ani Retail, LLC (1227); Alex and Ani Assembly, LLC (3215); Alex and Ani California, LLC (6368); Alex and Ani Canada, LLC (3317); Alex and Ani Puerto Rico, LLC (1477); and Alex and Ani South Seas, LLC (8592).  The Debtors' headquarters and mailing address is: 10 Briggs Drive, East Greenwich, RI 02818.

[2]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of this chapter 11 case.

Rider 1

Fill in this information to identify the case and this filing:

Debtor Name        Alex and Ani, LLC

United States Bankruptcy Court for the:        District of Delaware

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____        List of Equity Security Holders        _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**06/09/2021**                                            ☒    */s/ Robert Trabucco*
MM/ DD/YYYY                                                Signature of individual signing on behalf of debtor

                                                          **Robert Trabucco**
                                                          Printed name

                                                          **Chief Restructuring Officer**
                                                          Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALEX AND ANI, LLC, *et al.*,[1] | ) Case No. 21-(_____) (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT OF**
**ALEX AND ANI, LLC**

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned Debtor in this case submits the following information:

| Corporate Equity Holder | Address of Corporate Equity Owner | Interest |
|---|---|---|
| A and A Shareholding, Co., LLC | 10 Briggs Drive East Greenwich, RI 02818 | 100% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Alex and Ani, LLC (8360); A and A Shareholding, Co., LLC (7939); Alex and Ani International, LLC (2247); Alex and Ani Retail, LLC (1227); Alex and Ani Assembly, LLC (3215); Alex and Ani California, LLC (6368); Alex and Ani Canada, LLC (3317); Alex and Ani Puerto Rico, LLC (1477); and Alex and Ani South Seas, LLC (8592).  The Debtors' headquarters and mailing address is: 10 Briggs Drive, East Greenwich, RI 02818.

Fill in this information to identify the case and this filing:

Debtor Name          Alex and Ani, LLC

United States Bankruptcy Court for the:          District of Delaware

Case number (If known):                                                          (State)

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____          Corporate Ownership Statement          _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **06/09/2021** | */s/ Robert Trabucco* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert Trabucco** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Fill in this information to identify the case:**

Debtor name: <u>Alex and Ani, LLC, *et al.*</u>

United States Bankruptcy Court for the District of Delaware

Case number (if known):

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CHAPEL ASSOCIATES II LLC RETAIL PROPERTY MANAGEMENT GROUP 1414 ATWOOD AVENUE JOHNSTON, RI 02919-4886 | RETAIL PROPERTY MANAGEMENT GROUP PHONE: 401-273-6800 FAX: 401-273-1181 EMAIL: RPMADMIN@CARPIONATOGROUP.COM; INFO@CARPIONATOGROUP.COM | RENT | Disputed | | | $    4,126,608.21 |
| 2 | SIMON PROPERTY GROUP, INC. M.S. MANAGEMENT ASSOCIATES INC.; DAN SEABAUGH 225 WEST WASHINGTON STREET INDIANAPOLIS, IN 46204-3438 | M.S. MANAGEMENT ASSOCIATES INC.; DAN SEABAUGH PHONE: 317-636-1600 FAX: 317-263-2318 EMAIL: DSEABAUGH@SIMON.COM | RENT | Disputed | | | $    3,949,189.57 |
| 3 | BROOKFIELD PROPERTIES RETAIL INC. ATTN LAW/LEASE ADMINISTRATION DEPARTMENT; DENIS MARCIANO 350 N. ORLEANS ST., SUITE 300 CHICAGO, IL 60654-1607 | ATTN LAW/LEASE ADMINISTRATION DEPARTMENT; DENIS MARCIANO PHONE: 312-960-5000 FAX: 312-960-5475 EMAIL: DENISE.MARSICANO@BROOKFIELDPROPERTIES RETAIL.COM | RENT | Disputed | | | $    3,314,166.25 |
| 4 | QUALITY SPRAY TECHNOLOGIES INC MARIA RICCO 175 DUPONT DR PROVIDENCE, RI 02907 | MARIA RICCO PHONE: 401-861-2413 FAX: 401-943-8287 EMAIL: MARIA@MCMTECH.COM | TRADE PAYABLE | | | | $    3,256,458.42 |
| 5 | MACERICH OAKS LP ERIN BYRNE; FRANCHETTE PALMER 401 WILSHIRE BLVD STE 700 SANTA MONICA, CA 90401 | ERIN BYRNE; FRANCHETTE PALMER PHONE: 602-953-6200 FAX: 310-395-2791 EMAIL: ERIN.BYRNE@MACERICH.COM; OAKSAR@MACERICH.COM; LOSCERRITOSCENTERAR@MACERICH.COM | RENT | Disputed | | | $    2,107,887.02 |
| 6 | WESTFIELD LLC ATTN SHARON MCHUGH, VP LEASING WESTFIELD PROPERTIES 2049 CENTURY PARK EAST, 41ST FLOOR LOS ANGELES, CA 90067 | ATTN SHARON MCHUGH, VP LEASING WESTFIELD PROPERTIES PHONE: 310-445-6836 EMAIL: SHARON.MCHUGH@URW.COM | RENT | Disputed | | | $      753,578.06 |
| 7 | NATIONAL CHAIN COMPANY DEBBIE SQUIZZERO 55 ACCESS ROAD WARWICK, RI 02886 | DEBBIE SQUIZZERO PHONE: 401-732-6200 FAX: 401-738-1684 EMAIL: DEB@NATCHAIN.COM | TRADE PAYABLE | | | | $      544,518.14 |
| 8 | IRVINE REALTY COMPANY TERRI MIRASSOU; TANYA THOMAS 401 NEWPORT CENTER DR SUITE A150 NEWPORT BEACH, CA 92660 | TERRI MIRASSOU; TANYA THOMAS PHONE: 949-720-3300 FAX: 949-720-3350 EMAIL: TMIRASSOU@IRVINECOMPANY.COM; TTHOMAS@IRVINECOMPANY.COM | RENT | Disputed | | | $      467,197.39 |
| 9 | THE FORBES COMPANY LYNN TEMBY; HANS WOLF 100 GALLERIA OFFICENTRE SUITE 427 SOUTHFIELD, MI 48034 | LYNN TEMBY; HANS WOLF PHONE: 248-827-4600 FAX: 248-827-1734 EMAIL: LTEMBY@THEFORBESCOMPANY.COM; HWOLF@THEFORBESCOMPANY.COM | RENT | Disputed | | | $      465,758.29 |
| 10 | VNO 155 SPRING STREET LLC ATTN PRESIDENT - NEW YORK DIVISION; VORNADO OFFICE MANAGEMENT LLC; JARED SOLOMON; ASHLEY NATALE 210 ROUTE 4 EAST PARAMUS, NJ 07652 | ATTN PRESIDENT - NEW YORK DIVISION; VORNADO OFFICE MANAGEMENT LLC; JARED SOLOMON; ASHLEY NATALE PHONE: 212-894-7000 FAX: 212-894-7070 EMAIL: JSOLOMON@VNO.COM; ANATALE@VNO.COM | RENT | Disputed | | | $      459,955.10 |
| 11 | BRIGGS DRIVE ASSOCIATES LLC CHRIS LEAHY 98 FALCON RIDGE DRIVE EXETER, RI 02822 | CHRIS LEAHY PHONE: 401-265-5703 EMAIL: CHRISLEAHEY@COX.NET | RENT | Disputed | | | $      457,613.62 |
| 12 | FARKAS MANAGEMENT LLC LARRY FARKAS 103-17 METROPOLITAN AVE. FOREST HILLS, NY 11375 | LARRY FARKAS PHONE: 718-263-5211 FAX: 718-263-5543 EMAIL: FARKASMANAGEMENT@YAHOO.COM | RENT | Disputed | | | $      426,400.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | PLAZA DEL CARIBE, S.E. ANNE KELLEHER; AR SPECIALIST: JANNETTE DE JESUS 350 AVE CARLOS CHARDON SAN JUAN, PR 00918-2124 | ANNE KELLEHER; AR SPECIALIST: JANNETTE DE JESUS PHONE: 787-474-7474 FAX: 787-766-4825 EMAIL: LEASINGAML@AOL.COM; JDEJESUS@EFONALLEDAS.COM | RENT | Disputed | | | $ 337,023.31 |
| 14 | PYRAMID WALDEN COMPANY THE CLINTON EXCHANGE; KELLY BEWLEY 4 CLINTON SQUARE SYRACUSE, NY 13202-1078 | THE CLINTON EXCHANGE; KELLY BEWLEY PHONE: 315-422-7000 FAX: 315-472-4035 EMAIL: KELLYBEWLEY@PYRAMIDMG.COM | RENT | | | | $ 327,666.70 |
| 15 | 156 READE STREET HOUSE LLC C/O MARK J. PROVOST PROVOST FINANCIAL CONSULTING LTD 10 HIGH ST UNIT B SOUTH KINGSTOWN, RI 02879 | C/O MARK J. PROVOST PROVOST FINANCIAL CONSULTING LTD PHONE: 401-533-9500 FAX: 401-533-9500; 401-792-0100 | RENT | Disputed | | | $ 318,750.00 |
| 16 | TANGER PROPERTIES LIMITED PARTNERSHIP ATTN LEGAL DEPARTMENT; BIBBIT MASON 3200 NORTHLINE AVENUE, SUITE 360 GREENSBORO, NC 27408 | ATTN LEGAL DEPARTMENT; BIBBIT MASON PHONE: 336-292-3010 FAX: 336-852-1407 EMAIL: BIBBIT.MASON@TANGEROUTLETS.COM | RENT | Disputed | | | $ 314,870.48 |
| 17 | IMRE, LLC TAYLOR ZEBRON 210 W PENNSYLVANIA AVE FL 7 BALTIMORE, MD 21204 | TAYLOR ZEBRON PHONE: 410-821-8220 FAX: 410-821-5619 EMAIL: TAYLORZ@IMRE.COM | TRADE PAYABLE | | | | $ 302,415.75 |
| 18 | AT&T INC ATTN: AT&T C/O BANKRUPCY 4331 COMMUNICATIONS DR FLR 4W DALLAS, TX 75211 | ATTN: AT&T C/O BANKRUPCY PHONE: 888-827-3238 FAX: 866-486-8223 | TRADE PAYABLE | | | | $ 302,325.21 |
| 19 | IRA GREEN INC MIKE MCALLISTER 177 GEORGIA AVENUE PROVIDENCE, RI 02905 | MIKE MCALLISTER PHONE: 401-467-4770 FAX: 401-467-5557 EMAIL: MMCALLISTER@IRAGREEN.COM | TRADE PAYABLE | | | | $ 292,092.57 |
| 20 | OXFORD PROPERTIES RETAIL HOLDINGS II INC ATTN VICE PRESIDENT, REAL ESTATE MANAGEMENT LEGAL DEPARTMENT; OXFORD PROPERTIES GROUP; TORI NIXON ROYAL BANK PLAZA NORTH TOWER, 200 BAY STREET SUITE 900 TORONTO, ON M5J 2J2 CANADA | ATTN VICE PRESIDENT, REAL ESTATE MANAGEMENT LEGAL DEPARTMENT; OXFORD PROPERTIES GROUP; TORI NIXON PHONE: 416-868-3692 EMAIL: TNIXON@OXFORDPROPERTIES.COM | RENT | Disputed | | | $ 278,706.64 |
| 21 | DAVID LYNCH FOUNDATION ATTN: JESSICA HARRIS AND BILL GOLDSTEIN; ERIK MARTIN 228 EAST 45TH ST 15TH FLOOR NEW YORK, NY 10017 | ATTN: JESSICA HARRIS AND BILL GOLDSTEIN; ERIK MARTIN PHONE: 212-644-9880 FAX: 641-472-1165 EMAIL: ERIK@DLFLIVE.ORG; JESSICA@DLFLIVE.ORG | CHARITABLE DONATION PAYABLE | | | | $ 253,892.66 |
| 22 | MAOC MALL HOLDINGS LLC MALL OF AMERICA MANAGEMENT OFFICE; ATTN:KATHLEEN HAYDEN CORPORATE COUNSEL AT MALL OF AMERICA; ASHLEY HOFMANN 2131 LINDAU LANE, SUITE 500 BLOOMINGTON, MN 55425 | MALL OF AMERICA MANAGEMENT OFFICE; ATTN:KATHLEEN HAYDEN CORPORATE COUNSEL AT MALL OF AMERICA; ASHLEY HOFMANN PHONE: 952-883-8810 FAX: 952-883-8683 EMAIL: ASHLEY.HOFMANN@MOA.NET | RENT | Disputed | | | $ 243,482.24 |
| 23 | PENNSYLVANIA REAL ESTATE INVESTMENT TRUST ATTN VP, LEGAL - JOHANNA DIDIO; PAULA CHARLES 200 SOUTH BROAD STREET THE BELLEVUE, THIRD FLOOR PHILADELPHIA, PA 19102 | ATTN VP, LEGAL - JOHANNA DIDIO; PAULA CHARLES PHONE: 215-875-0700 FAX: 215-546-7311 EMAIL: JOHANNA.DIDIO@PREIT.COM; CHERRYHILLBOOKKEEPER@PREITCOM; PAULA.CHARLES@PREIT.COM | RENT | Disputed | | | $ 224,568.47 |
| 24 | IHEARTMEDIA INC WHITMAN, CAROLYN 32 AVENUE OF THE AMERICAS NEW YORK, NY 60693 | WHITMAN, CAROLYN PHONE: 212-377-7900 EMAIL: INVOICES@IHEARTMEDIA.COM; CAROLYNWHITMAN@IHEARTMEDIA.COM | TRADE PAYABLE | | | | $ 209,394.00 |
| 25 | LOGIC INFORMATION SYSTEMS INC KELLY HEDRICK 3800 AMERICAN BLVD W #1200 BLOOMINTON, MN 55431 | KELLY HEDRICK PHONE: 763-762-6006 EMAIL: KELLY.HEDRICK@LOGICINFO.COM | TRADE PAYABLE | | | | $ 200,400.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 26 TOWN OF EAST GREENWICH ATTN: FINANCE DEPARTMENT, TOWN HALL 125 MAIN ST EAST GREENWICH, RI 02818 | ATTN: FINANCE DEPARTMENT, TOWN HALL PHONE: 401-886-8612 EXT. 1 FAX: 401-886-8612 EMAIL: FINANCE@EASTGREENICH.COM | TAXES | | | | $    175,894.61 |
| 27 MICROSOFT CORPORATION RICHARD LACRA ONE MICROSOFT WAY REDMOND, WA 98052-6399 | RICHARD LACRA PHONE: 425-882-8080 FAX: 425-936-7329 EMAIL: V-RILACR@MICROSOFT.COM | TRADE PAYABLE | | | | $    153,334.12 |
| 28 FEDEX CORPORATION JOHN ROCHE 3965 AIRWAYS BLVD, MODULE G, 3RD FLOOR MEMPHIS, TN 38116-5017 | JOHN ROCHE PHONE: 800-622-1147 EMAIL: JOHN.ROCHE@FEDEX.COM | TRADE PAYABLE | | | | $    152,976.35 |
| 29 MAGENTO INC REP ON INVOICE: SHIRA SHIMONI 345 PARK AVENUE SAN JOSE, CA 95110 | REP ON INVOICE: SHIRA SHIMONI PHONE: 310-945-0345 EMAIL: BILLING@MAGENTO.COM | TRADE PAYABLE | | | | $    151,833.00 |
| 30 BREAST CANCER RESEARCH FOUNDATION CHANELLE CHURCH; STEPHANIE KAUFFMAN 28 WEST 44TH STREET, SUITE 609 NEW YORK, NY 10036 | CHANELLE CHURCH; STEPHANIE KAUFFMAN PHONE: 866-346-3228 FAX: 646-497-0890 EMAIL: CCHURCH@BCRFCURE.ORG; SKAUFFMAN@BCRFCURE.ORG | CHARITABLE DONATION PAYABLE | | | | $    146,474.21 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Alex and Ani, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____    Certification of Creditor Matrix_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **06/09/2021** | */s/ Robert Trabucco* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Robert Trabucco** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## SECRETARY CERTIFICATE

### June 9, 2021

The undersigned, Lilit Capaldi, as the secretary or the authorized signatory, as applicable, of, A and A Shareholding Co., LLC, Alex and Ani, LLC, Alex and Ani Retail, LLC, Alex and Ani International, LLC, Alex and Ani California, LLC, Alex and Ani Assembly, LLC, Alex and Ani Canada, LLC, Alex and Ani Puerto Rico, LLC, and Alex and Ani South Seas, LLC (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.      I am the duly qualified and elected secretary or authorized signatory, as applicable, of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of managers or sole member, as applicable (collectively, the "Board"), duly adopted at a properly convened and joint meeting of the Board on June 9, 2021, in accordance with the applicable limited liability company agreements, operating agreements, or similar governing documents (in each case as amended or amended and restated) of each Company.

3.      Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

A and A Shareholding Co., LLC
Alex and Ani, LLC
Alex and Ani Retail, LLC
Alex and Ani International, LLC
Alex and Ani California, LLC
Alex and Ani Assembly, LLC
Alex and Ani Canada, LLC
Alex and Ani Puerto Rico, LLC
Alex and Ani South Seas, LLC

By: _____
Name: Lilit Capaldi
Title:   Authorized Signatory

# RESOLUTIONS OF
# THE BOARD OF MANAGERS AND SOLE MEMBERS OF
# A AND A SHAREHOLDING CO., LLC AND
# ITS DIRECT AND INDIRECT SUBSIDIARIES

## Effective as of June 9, 2021

The board of managers and sole members, as applicable (collectively, the "Board") of the entities set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies"), approved and adopted the actions described in and authorized by these resolutions (the "Resolutions") at the meeting of the Board held on June 9, 2021, pursuant to the limited liability company agreement of each Company and the applicable laws of the jurisdiction in which such Company is organized:

**WHEREAS**, the Board has reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, the Board has reviewed and considered presentations by the management and the financial and legal advisors of each Company regarding the transactions contemplated under that certain restructuring support agreement, including the Settlement Agreement (as defined below) and all exhibits and attachments thereto, dated as of June 9, 2021 (the "RSA"), and the chapter 11 plan of reorganization contemplated by the RSA (the "Plan"), the advantages and disadvantages to each Company for implementing the restructuring transactions contemplated under the Plan pursuant to a chapter 11 process, feedback from the Companies' stakeholders and counterparties to the RSA regarding implementation of the transactions contemplated thereunder, and the present facts and circumstances in relation to the transactions contemplated under the RSA.

NOW, THEREFORE, BE IT,

## Restructuring Support Agreement

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests the Company, its stakeholders, its creditors, and other parties in interest, that each Company shall be, and hereby is, authorized to enter into the RSA, including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, and that the Companies' performance of their obligations under the RSA, and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects, authorized and approved.

**RESOLVED**, that any of the Chief Executive Officer, Chief Restructuring Officer, Chief Financial Officer, any Executive Vice President, any Senior Vice President, any Chief Legal Officer, or any other duly appointed officer of each Company (collectively,

the "<u>Authorized Signatories</u>") shall be, and each of them individually hereby is, authorized for and on behalf of the Company to take all actions (including, without limitation, to negotiate and execute any agreements, documents, certificates, supplemental agreements and instruments) necessary or advisable to finalize the RSA and, subject to receiving sufficient consents from the Consenting Stakeholders (as defined in the RSA), to enter into the RSA, and to perform all the transactions contemplated thereby, that in the judgment of the applicable Authorized Signatories, are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of such action or execution thereof).

## Settlement Agreement

**WHEREAS**, the Settlement Agreement (as defined below) is conditioned on the resolution of the ongoing investigation of the Restructuring Committee of the Board and the approval of the Bankruptcy Court in all respects;

**NOW THEREFORE, BE IT, RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests the Company, its stakeholders, its creditors, and other parties in interest, that each Company shall be, and hereby is, authorized to enter into that certain settlement agreement, dated as of June 9, 2021, including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto (the "<u>Settlement Agreement</u>"), by and among A and A Shareholding Co., LLC, the Rafaelian Entities (as defined in the Settlement Agreement), the Lion Entities (as defined in the Settlement Agreement), and The Bathing Club LLC, and that the Companies' performance of their obligations under the Settlement Agreement, and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects, authorized and approved.

**RESOLVED**, that each of the Authorized Signatories shall be, and each of them individually hereby is, authorized for and on behalf of the Company to take all actions (including, without limitation, to negotiate and execute any agreements, documents, certificates, supplemental agreements and instruments) necessary or advisable to finalize the Settlement Agreement, to enter into the Settlement Agreement, and to perform all the transactions contemplated thereby, that in the judgment of the applicable Authorized Signatories, are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of such action or execution thereof).

## Chapter 11 Filing

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of each Company, its stakeholders, its creditors, and other parties in interest, that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "<u>Chapter 11 Case</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the bankruptcy court for the District of Delaware (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**RESOLVED**, that each of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP ("Klehr") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm Portage Point Partners, LLC ("Portage"), as financial advisors and investment bankers to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Portage.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KCC.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under

the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral and Adequate Protection**

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in  section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for those certain prepetition secured lenders (collectively, the "Secured Lenders") party to (a) that certain Credit Agreement, dated as of January 29, 2016 (as amended from time to time), by and among Alex and Ani, LLC, as borrower, A and A Shareholding Co., LLC, as holdings, the lenders party thereto, the guarantors party thereto, and Wilmington Trust, National Association, as successor administrative agent and (b) that certain Second Lien Credit Agreement, dated as of September 13, 2019 (as amended from time to time), by and among Alex and Ani, LLC, as borrower, A and A Shareholding Co., LLC, as holdings, the lenders party thereto, the guarantors party thereto, and Wilmington Trust, National Association, as administrative agent.

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection, including accrued interest paid in kind, to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms, and provisions of the Interim Cash Collateral Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is,  authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order.

**RESOLVED**, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations.

**General**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be,

and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

**RESOLVED**, that the board of managers, the sole member, or manager, as applicable, of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by Resolution of the Board.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these Resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

* * *

**Exhibit A**

| Company | Jurisdiction | Managing Body |
|---|---|---|
| A and A Shareholding Co., LLC | Delaware | Board of Managers |
| Alex and Ani, LLC | Rhode Island | **Sole Member**: A and A Shareholding Co., LLC |
| Alex and Ani Retail, LLC | Rhode Island | **Sole Member**: Alex and Ani, LLC |
| Alex and Ani International, LLC | Delaware | **Sole Member**: Alex and Ani, LLC |
| Alex and Ani California, LLC | Delaware | **Sole Member**: Alex and Ani, LLC |
| Alex and Ani Assembly, LLC | Delaware | **Sole Member**: Alex and Ani, LLC |
| Alex and Ani Canada, LLC | Delaware | **Sole Member**: Alex and Ani International, LLC |
| Alex and Ani Puerto Rico, LLC | Delaware | **Sole Member**: Alex and Ani International, LLC |
| Alex and Ani South Seas, LLC | Delaware | **Sole Member**: Alex and Ani International, LLC |