IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ALEX AND ANI, LLC, *et al.*, | ) ) ) | Case No. 21-10918 (CTG) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

**DECLARATION OF LAWRENCE H. MEYER IN SUPPORT OF
DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING
THE SETTLEMENT AGREEMENT AND (II) GRANTING RELATED RELIEF**

I, Lawrence H. Meyer, hereby state as follows under penalty of perjury:

1.  I am an independent manager (together with Scott Burger, the "Independent Managers") of the Board of Managers of A and A Shareholding Co., LLC (the "Board"), and a member of the restructuring committee (the "Restructuring Committee") of the Board. I am over the age of 18 years and am competent to make this Declaration (the "Declaration").

2.  I submit this Declaration in support of the *Debtors' Motion for Entry of an Order (I) Approving the Settlement Agreement and (II) Granting Related Relief*, filed on June 28, 2021 [Docket No. 128] (the "Motion").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Background and Qualifications**

3.  I received a Bachelor of Science degree from Northeastern University and a Master of Business Administration degree from Columbia University. I have worked in the retail sector

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Alex and Ani, LLC (8360); A and A Shareholding Co., LLC (7939); Alex and Ani International, LLC (2247); Alex and Ani Retail, LLC (1227); Alex and Ani Assembly, LLC (3215); Alex and Ani California, LLC (6368); Alex and Ani Canada, LLC (3317); Alex and Ani Puerto Rico, LLC (1477); and Alex and Ani South Seas, LLC (8592). The Debtors' headquarters and mailing address is: 10 Briggs Drive, East Greenwich, RI 02818.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

for over forty years, serving as a C-Suite Executive to several companies, including UNIQLO, Forever 21, Gymboree, and Toys 'R' Us, and started my consumer career with PepsiCo. I have served on the boards of directors of 7 companies in the retail industry, including in connection with several restructuring matters.

### Creation and Mandate of the Restructuring Committee

4. In April 2021, the Board established the Restructuring Committee, comprised of Scott Burger and me. On June 3, 2021, the Board adopted resolutions authorizing and empowering the Restructuring Committee to act on behalf of and exercise the power of the Board in reviewing, considering, and voting on all matters related to a restructuring of the Debtors. In addition, the Restructuring Committee is conducting an independent investigation with respect to any potential estate claims and causes of action against insiders of the Debtors (the "Independent Investigation"). To conduct the Independent Investigation, the Restructuring Committee retained Katten Muchin Rosenman LLP ("Katten") as independent counsel as of April 19, 2021.

### The Restructuring Committee's Independent Investigation

5. The Restructuring Committee has overseen and has been closely involved with the Independent Investigation efforts. Katten has provided regular updates and independent legal advice to the Restructuring Committee on the status of the Independent Investigation, and the Restructuring Committee has provided input and direction to Katten throughout the course of the Independent Investigation. In addition, the Restructuring Committee has held meetings with Katten on a regular basis to review matters relevant to the Independent Investigation.

6. Under the direction and supervision of the Restructuring Committee, Katten submitted diligence requests to the Debtors seeking documents and information relevant to the Independent Investigation, including, among other requests, copies of board materials and minutes,

corporate governance documents, related party agreements and details on payments related thereto, and financial information. Katten also submitted targeted diligence requests to Lion Capital LLC and its affiliated entities (collectively, "Lion") and Carolyn Rafaelian and her affiliated entities (collectively, the "Rafaelian Entities"), seeking documents relevant to the Independent Investigation. Katten received and reviewed over 3,500 pages of responsive documents. Katten also conducted interviews of: (i) 4 current employees of the Debtors; (ii) a Lion representative; and (iii) Ms. Rafaelian.

7. As relevant to the Motion, the Independent Investigation has focused primarily on whether the Debtors have cognizable causes of action against the Rafaelian Entities (the "Potential Causes of Action") arising out of the following transactions and occurrences: (i) payments made prior to January 29, 2016 by the Debtors to Cinerama Jewelry, Inc. ("Cinerama"), an entity owned by Ms. Rafaelian and her family, to manufacture bracelets for the Debtors' business; (ii) the Debtors' acquisition of the Cinerama manufacturing process on January 29, 2016, and transactions related to that acquisition; (iii) amounts alleged to be owed by certain of the Rafaelian Entities to the Debtors; (iv) the claims asserted by certain Rafaelian Entities against the Debtors; (v) payments made by the Debtors to the Rafaelian Entities prior to April 2020, particularly for rental and usage of various properties; (vi) the out-of-court restructuring completed on September 13, 2019; and (vii) certain tax distributions made by the Debtors to equity holders prior to 2018.

**Consideration of the Proposed Settlement Agreement**

8. In advance of the chapter 11 cases, the Debtors, certain of the Rafaelian Entities, and Lion engaged in negotiations regarding a comprehensive resolution of all outstanding disputes. The Restructuring Committee was kept apprised of these negotiations as well as the terms of the Settlement Agreement.

9. Specifically, the Settlement Agreement provides for, among other things: (i) consent of the Rafaelian Entities and Lion to the RSA, significantly reducing execution risk on a potential restructuring transaction in the chapter 11 cases; (ii) dismissal and withdrawal with prejudice of the Rhode Island Lawsuit, in which Debtor A&A Shareholding and the Debtors' Chief Restructuring Officer are Defendants; and (iii) release of the Rafaelian Entities' claims against the Debtors, including asserted accounts payable in excess of approximately $4 million, thereby avoiding dilution of creditor recoveries. The Settlement Agreement provides for mutual releases given by the Rafaelian Entities in favor of the Debtors, and vice versa. In addition, the Settlement Agreement will facilitate the implementation of the Debtors' proposed chapter 11 plan of reorganization on a fully consensual basis, funded by the consensual use of cash collateral through the conclusion of the chapter 11 cases. This will provide for, among other things, satisfaction of administrative and priority claims in full, which is not a foregone conclusion in a retail bankruptcy case.

10. I understand that the Motion is expressly contingent on the outcome of the Independent Investigation, meaning that the Debtors would withdraw the Motion if the Restructuring Committee were to determine, in the business judgment of the Independent Managers, not to support the proposed Settlement Agreement.

11. On July 1, 2021, Katten presented a detailed, privileged presentation to the Restructuring Committee analyzing, among other things, the relative benefits of the proposed Settlement Agreement and the probability of success in litigation of the Potential Causes of Action. The Restructuring Committee concluded, based on the Independent Investigation, that the proposed Settlement Agreement: (i) is fair and reasonable and in the best interests of the Debtors' estates, particularly given the risks, costs, and delay of litigation; and (ii) provides significant

benefits to the Debtors' estates and, in the professional judgment and experience of the Independent Managers, is likely to provide a better result for creditors than could reasonably be achieved through costly and uncertain litigation. On that basis, the Restructuring Committee has endorsed the Settlement Agreement and believes it will maximize value for the Debtors' estates.

Encino, California  
Dated: July 14, 2021

/s/ *Lawrence H. Meyer*  
Lawrence H. Meyer  
Independent Manager  
A and A Shareholding Co., LLC