## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ALEX AND ANI, LLC, *et al.*,[1] | ) Case No. 21-10918 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DECLARATION OF DISINTERESTEDNESS OF LAW OFFICE OF RICHARD S. HUMPHREY PURSUANT TO THE ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Richard S. Humphrey, declare under penalty of perjury:

1. I am owner of Law Office of Richard S. Humphrey, located at 3852 Main Road, Tiverton, RI 02878 (the "Company").

1. The above captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide Legal services to the Debtors, and the Company has consented to provide such services.

2. The Company may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Company, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Alex and Ani, LLC (8360); A and A Shareholding, Co., LLC (7939); Alex and Ani International, LLC (2247); Alex and Ani Retail, LLC (1227); Alex and Ani Assembly, LLC (3215); Alex and Ani California, LLC (6368); Alex and Ani Canada, LLC (3317); Alex and Ani Puerto Rico, LLC (1477); and Alex and Ani South Seas, LLC (8592). The Debtors' headquarters and mailing address is: 10 Briggs Drive, East Greenwich, RI 02818.

3. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

4. Neither I nor any principal, partner, director or officer of, or professional employed by, the Company, insofar as I have been able to ascertain is a relative of the United States Bankruptcy Judge assigned to the Chapter 11 cases, and the Company does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in the Chapter 11 Cases improper. Further, the Company does not have any connection with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") or any persons employed by the U.S. Trustee.

5. Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer, of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is to be employed.

7. The Debtors owe the Company $74,395.55 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

8. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was not] party to an agreement for indemnification with certain

PHIL1 9569860v.3

of the Debtors. I have reviewed the OCP Order and Procedures and understand that the indemnification provisions set forth in the Agreement are subject, during the pendency of the Debtors' chapter 11 cases, to the modifications set forth in the OCP Order and Procedures.]

9. The Company has read the OCP Order and Procedures and understands the limitation on compensation and reimbursement of expenses thereunder. Specifically the Company understands that in the event it exceeds the applicable cap, the Company will be required to file with the Court a fee application for the amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable order of the Court.

10. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: August 25, 2021

Richard S. Humphrey
RE BAR # 2920

PHIL1 9569860v.3